# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID MICHAEL MONTGOMERY, #412797, #2405284 | * * * | |
| Petitioner | * * | |
| v | * * | Civil Action No. ELH-17-1427 |
| STATE OF MARYLAND | * * | |
| Respondent | * | |

***

## MEMORANDUM

On May 19, 2017, David Michael Montgomery, who is an inmate at Patuxent Institution in Jessup, Maryland, sent a letter to "the federal court" asking this Court to "step in" to compel a state court judge to respond to his letters and to schedule a hearing concerning his mental health treatment. ECF 1.

In his letter, Montgomery acknowledges that he is prescribed medication and receives other treatment at Patuxent. But, he indicated that he still feels like he is being "molested every day." *Id.* at 3. Moreover, he complains about a worm is in his body, and asserts that he suffers from problems caused by a "gang's technology", the "Walking Dead", a "Bird flu," and other ideations. *Id.* at 6. I viewed Montgomery's allegations as raising serious concerns about his immediate mental health and safety, and directed counsel for the State of Maryland to file a report addressing Montgomery's mental health status within twenty-eight days. ECF 2.

Montgomery subsequently sent other letters to the Court. *See* ECF 4; ECF 5; ECF 6. He seems to complain about his mental health and medical care.

On June 28, 2017, the State of Maryland filed its report (ECF 7) with a Declaration executed by Lynda Bonieskie, PhD, Deputy Director of Mental Health for the Maryland Department of Public Safety and Correctional Services ("DPSCS"). ECF 7-1. She notes that

Montgomery is in general population at Patuxent. *Id.* at ¶ 9.

Dr. Bonieskie states that Montgomery is "diagnosed with a Serious Mental Illness, Delusional Disorder, Somatic type." *Id*. at ¶5. Montgomery suffers tactile hallucinations and is receiving both individual counseling and psychotropic medications. *Id*. at ¶6. He has limited insight into his tactile hallucinations but acknowledges at times that the "worms" are not really in his body. *Id*. at ¶7. Montgomery is seen every 8 weeks by a psychiatric provider and every 3 weeks by a counselor. *Id.* at ¶8.

Dr. Bonieskie has asked not to submit Montgomery's mental health records due to her concern for his privacy as well as the negative consequences should these records become available to him. After reviewing this limited report, I am satisfied that mental health professionals at Patuxent are aware of the concerns Montgomery raises in his letter.

In the spirit of liberal construction, I will treat Montgomery's correspondence (ECF 1) as a petition for writ of mandamus, filed pursuant to 28 U.S.C. § 2241, because the relief he seeks is in the nature of mandamus relief against a Maryland state judge who has not answered him. This court does not have jurisdiction over State employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969), *see also* 28 U.S.C. § 1361 (establishing federal court mandamus jurisdiction over officer or employees of the United States). Therefore, Montgomery is not entitled to obtain mandamus relief. Accordingly, the petition will be denied.[1]

---

[1] The Court notes that Montgomery is a frequent litigator in this Court. This Memorandum does not pertain to any future claims that Montgomery might have.

Beginning in 2015, Montgomery filed the following cases: *Montgomery v. Bonsale,* Civil Action ELH-14-3885 (D. Md. 2014); *Montgomery v. Warden*, Civil Action ELH-15-1087 (D. Md. 2015); *Montgomery v. Bishop, et al.*, Civil Action ELH-15-1345 (D. Md. 2015); *Montgomery v. Warden*, Civil Action No. ELH-15-1533 (D. Md. 2015); *Montgomery v.*

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, ___ U.S.___, 137 S.Ct. 759, 773 (February 22, 2017) (citing *Miller-El v. Cockerell*, 537 U.S. 322, 336 (2003)). Insofar as a certificate of appealability may be required to appeal this decision, I find the legal standard for issuance has not been met and decline to issue a certificate of appealability.

**CONCLUSION**

For reasons discussed above, I will deny the petition for writ of mandamus and will decline to issue a certificate of appealability. A separate Order follows.

June 29, 2017  
Date

_____/s/_____  
Ellen L. Hollander  
United States District Judge

---

*Animation Adventer's Computer Game Internet Ower* [sic], *All Viewers*, Civil Action ELH-15-1772 (D. Md. 2015); *Montgomery v. Animation Advents*, Civil Action ELH-15-1884 (D. Md. 2015); *Montgomery v. Warden*, Civil Action ELH-15-2029 (D. Md. 2015); *Montgomery v. Warden*, Civil Action ELH-15-2439 (D. Md. 2015); *Montgomery v. Warden*, Civil Action ELH-15-2826 (D. Md. 2015); *Montgomery v. Warden*, Civil Action ELH-15-3005 (D. Md. ); *Montgomery v. Nero, et al.*, Civil Action ELH-15-3212 (D. Md. 2015); *Montgomery v. Patuxent Institution, et al.*, ELH-15-3221 (D. Md. 2015); *Montgomery v. Warden,* Civil Action 16-377 (D. Md. 2016); *Montgomery v. Warden*, Civil Action ELH-16-2507 (D. Md. 2016); *Montgomery v. Lieal, et al*, ELH-16-2629 (D. Md. 2016); *Montgomery v. WCI Medical Department, et al.*, Civil Action JKB-17-299 (D. Md. 2017).

Montgomery also filed many cases prior to 2015. He was assigned a third "strike" under 28 U.S.C. § 1915(g) in case ELH-15-1772.